

pdf\files\zwolinski-sr financial\pleadings\Zwolinski Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS ZWOLINSKI
10 Avenue A
Helmetta, NJ  08828,

                    Plaintiff

      vs.

SR FINANCIAL SERVICES, INC.
680 Eighth Street
San Francisco, CA  94103,

and

TRANS UNION, LLC
2 Baldwin Place
Chester, PA  19022,

and

EQUIFAX INFORMATION SERVICES, LLC
1150 Lake Hearn Drive, NE
Atlanta, GA  30343,

                    Defendants.

CIVIL ACTION NO.

**0 7   5 1 2 9**

## COMPLAINT

## I.    INTRODUCTION

1.    This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2.    The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices, including, but not limited to, falsely representing the date of first delinquency with respect to any consumer debt and/or reporting "stale" debts to Consumer Reporting Agencies ("CRAs"), 15 U.S.C. § 1692e.

3.     The FCRA requires debt collectors to provide accurate information to CRAs, and to conduct a proper investigation of disputed information.  15 U.S.C. § 1681s-2.

4.     The FCRA also requires CRAs to report accurate information and to conduct a proper reinvestigation of consumer disputes.  15 U.S.C. § 1681e(b) and § 1681i(a).

## II.     JURISDICTION AND VENUE

5.     Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), and under the FCRA, 15 U.S.C. § 1681p.

6.     Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business within this District.

## III.     PARTIES

7.     Plaintiff is Thomas Zwolinski.  Mr. Zwolinski is a consumer who resides in Helmetta, New Jersey at the address captioned.

8.     Defendant, SR Financial Services, Inc. ("SR") is, upon information and belief, a foreign corporation with a business address as captioned.  At all times material hereto, SR was both a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and a "furnisher" within the meaning of the FCRA.  15 U.S.C. § 1681s-2(a).

9.     Defendant, Trans Union, LLC ("Trans Union") is a Pennsylvania limited liability company with a business address as captioned.

10.     Defendant, Equifax Information Services, LLC ("Equifax") is a foreign limited liability company which regularly conducts business in Pennsylvania and has a business address as captioned.

11.     Trans Union and Equifax are each a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

2

## IV. **FACTUAL ALLEGATIONS**

12. On or about November, 2006, Mr. Zwolinski first discovered inaccurate credit reporting by Trans Union and Equifax with respect to SR. Specifically, each were reporting an alleged account of Plaintiff with Chevy Chase Bank, which account had a date of first delinquency in 1993, and had been charged off in 2001.

13. By letters dated November 24, 2006, sent certified mail, return receipt requested, Mr. Zwolinski disputed the inaccurate credit reporting to Trans Union and Equifax relating to SR. True copies of said letters are attached hereto as Exhibits A and B respectively.

14. On or about November 24, 2006, Mr. Zwolinski contacted SR by phone to dispute its reporting to Trans Union and Equifax.

15. In response to Mr. Zwolinski's phone dispute, by letter dated December 14, 2006, but postmarked December 19, 2006, SR sent to Mr. Zwolinski a demand for payment with respect to Account No. xxxxxxxxxxxx1794 (the "Account"), a true copy of which is attached hereto as Exhibit C. Despite Mr. Zwolinski's oral request, this letter does not identify the original creditor, nor does it state the date of any default by Mr. Zwolinski.

16. Upon information and belief, both Equifax and Trans Union, upon receipt of Plaintiff's November 24, 2006 dispute letters, requested SR to verify the accuracy of their reporting of the Account.

17. Upon information and belief, on or about December, 2006, SR verified to Equifax that Equifax's reporting of the Account was accurate, that it was collecting a debt allegedly owed by Plaintiff to Chevy Chase Bank, and that the date of first delinquency was 11/2001.

18. Upon information and belief, on or about December, 2006, SR verified to Trans Union that Trans Union's reporting of the Account was accurate, that the date Plaintiff's

Account was placed for collection was 4/2005, and that the estimated date that the Account would be removed was 10/2008.

19.     On or about December, 2006, Mr. Zwolinski contacted Chevy Chase Bank by telephone. He was told that the date of first delinquency with respect to Plaintiff's debt owed to Chevy Chase Bank was sometime in 1993, and that after 7½ years of inactivity on the account, the Bank charged off Plaintiff's account in 2001.

20.     Upon information and belief, on or about October, 2001, SR purchased for pennies on the dollar Plaintiff's charged-off Chevy Chase Bank credit card account. The Chevy Chase Bank account purchased by SR in October of 2001 is the basis for the Account which SR was trying to collect and the CRAs were reporting, and is at issue in this litigation.

21.     By letter dated January 3, 2007, Mr. Zwolinski once again disputed to SR its reporting of the Account, stating, inter alia, that it was unlawful for SR to report a debt more than 7½ years after the date of first delinquency. A true copy of said letter is attached hereto as Exhibit D.

22.     By letters dated January 3, 2007, and sent by certified mail, return receipt requested to Trans Union and Equifax, Mr. Zwolinski again disputed the accuracy of Trans Union's and Equifax's reporting of the Account. True copies of said letters are attached hereto as Exhibits E and F respectively.

23.     By letter dated January 14, 2007, and sent by certified mail, return receipt requested, Mr. Zwolinski demanded that SR validate the Account, including, but not limited to, identifying the original creditor and proving that "the statute of limitations has not expired on this account." A true copy of said letter is attached hereto as Exhibit G.

24.     By letter dated January 23, 2007, SR "responded" to Mr. Zwolinski's January 14 letter with yet another demand for payment. A true copy of said letter is attached hereto as

Exhibit H. This January 23, 2007 letter was otherwise non-responsive to Plaintiff's January 14, 2007 letter.

 25. Upon information and belief, and in response to Mr. Zwolinski's dispute letters dated January 3, 2007, Trans Union and Equifax requested that SR verify the accuracy of their reporting of the Account.

 26. On or about January 24, 2007, ostensibly based upon SR's response, both Equifax and Trans Union verified their respective reporting of the Account to Plaintiff.

 27. By letter dated January 25, 2007, but postmarked March 22, 2007, SR sent to Mr. Zwolinski a "Verification of Debt Letter." A true copy of said letter is attached hereto as Exhibit I, as is the envelope post-marked two months later.

 28. As of July, 2007, despite Plaintiff's two prior dispute letters, both Equifax and Trans Union continued to report inaccurate information with respect to the Account. Accordingly, by letters dated July 12, 2007, Mr. Zwolinski again disputed the accuracy of Trans Union's and Equifax's reporting of the Account, Zwolinski again complained that the Account was a "stale debt well beyond the reporting period." True copies of said letters are attached hereto as Exhibits J and K respectively.

 29. At all times material hereto, SR knew or should have known from Plaintiff's repeated disputes that it was reporting false and derogatory information about Mr. Zwolinski.

 30. Pursuant to 15 U.S.C. § 1681s-2(b), a furnisher of information to CRA's, such as SR, has a duty, upon notice of a consumer dispute, to conduct an investigation with respect to the disputed information and report the results of the investigation to the CRAs. This investigation must be done reasonably and adequately.

 31. SR failed to conduct a reasonable and adequate investigation or reinvestigation, and instead of correcting inaccurate reporting, re-verified it.

32.     SR was motivated to mis-report the Account because the FCRA prohibits reporting of stale accounts which are more than 7½ years after charge off.  15 U.S.C. § 1681c(a)(c).

33.     Under the FCRA, CRAs are required to report accurate information and to conduct proper reinvestigations of disputed information.  15 U.S.C. § 1681e(b) and § 1681i(a).

34.     Trans Union and Equifax failed to conduct a reasonable and adequate investigation of Plaintiff's disputed credit reporting with respect to the Account.

35.     Both Trans Union and Equifax simply parroted the information provided to them by SR, and conducted no independent investigation, despite Plaintiff's multiple disputes.

36.     As a result of each Defendant's willful, wanton, reckless and/or negligent action, Mr. Zwolinski has suffered damages.

37.     As a result of the false and derogatory information reported by each Defendant, Mr. Zwolinski has been damaged.

38.     Plaintiff has suffered mental and emotional distress, worry, humiliation and embarrassment as a result of Defendants' conduct.

39.     Plaintiff has suffered pecuniary loss, been denied credit, and expended significant time and effort trying to address Defendants' inaccurate credit reporting.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT
## (ZWOLINSKI v. SR)

40.     Plaintiff repeats the allegations contained above as if the same were fully set forth at length herein.

41.     SR has violated the FDCPA as follows:

   a)     SR's letter dated December 14, 2006 and attached hereto as Exhibit C violates § 1692g by stating that:  "[u]nless you notify this office – in

writing – within thirty (30) days of the date of this letter, we will assume this debt is valid and owing.";

b) SR's letter dated January 23, 2007 and attached hereto as Exhibit H violates § 1692e by stating that failure to respond to a sixteen year old debt "could affect your credit." Said letter also violates § 1692g stating that the debt will be assumed to be valid unless it is disputed by plaintiff "within thirty (30) days of the date of this letter." Moreover, the willfulness of this violation is established by the fact that said letter was not postmarked until February 6, 2007; and

c) SR's letter dated January 25, 2007, attached hereto as Exhibit I, violates § 1692e in that it fails to identify when the debt first went into default. Moreover, the willfulness of this violation is established by the fact that said letter was not postmarked until March 22, 2007.

42.     The FDCPA prohibits debt collectors from using false, deceptive or misleading means to collect a debt alleged due, including communicating credit information which is known or should be known to be false.  15 U.S.C. § 1692e and § 1692e(8).

WHEREFORE, Plaintiff, Thomas Zwolinski, hereby demands judgment in his favor and against Defendant SR Financial Services, Inc. for:

a) Damages;

b) Attorney's fees and costs, 15 U.S.C. § 1692k; and

c) Such other further relief as this Court deems appropriate.

### COUNT II – FAIR CREDIT REPORTING ACT
### (ZWOLINSKI v. SR)

43.     Plaintiff repeats the allegations contained above as if the same were fully set forth at length herein.

44.     SR has violated the FCRA by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. § 1681s-2(b), including, but not limited to, the failure to fully and properly investigate Plaintiff's dispute and by failing to correctly report results of an accurate investigation to each of the CRAs.

45.     SR has violated the FCRA by willfully and/or negligently reporting false credit information about Plaintiff.

WHEREFORE, Plaintiff, Thomas Zwolinski, hereby demands judgment in his favor and against Defendants, SR Financial Services, Inc. for:

     a)     Actual and compensatory damages;

     b)     Punitive damages;

     c)     Attorney's fees and costs; and

     d)     Such other and further relief as this Court deems appropriate.

## COUNT III – FAIR CREDIT REPORTING ACT
## (ZWOLINSKI v. TRANS UNION)

46.     Plaintiff repeats the allegations contained above as if the same were fully set forth at length herein.

47.     As set forth above, Trans Union willfully and/or negligently violated the provisions of the FCRA as follows:

     a)     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information contained in the reports as required by § 1681e; and

     b)     By willfully and/or negligently failing to conduct a reasonable investigation as required by § 1681i(a).

8

WHEREFORE, Plaintiff, Thomas Zwolinski, hereby demands judgment in his favor and against Defendant, Trans Union, LLC for:

a)    Actual and compensatory damages;

b)    Punitive damages;

c)    Attorney's fees and costs; and

d)    Such other further relief as this Court shall deem appropriate.

## COUNT IV – FAIR CREDIT REPORTING ACT
## (ZWOLINSKI v. EQUIFAX)

48.    Plaintiff repeats the allegations contained above as if the same were fully set forth at length herein.

49.    As set forth above, Equifax willfully and/or negligently violated the provisions of the FCRA as follows:

a)    By willfully and/or negligently failing, in the preparation of the Consumer Reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy as required by § 1681e; and

b)    By willfully and/or negligently failing to conduct a reasonable investigation as required by § 1681i(a)

WHEREFORE, Plaintiff, Thomas Zwolinski, hereby demands judgment in his favor and against Defendant, Equifax Information Services, LLC for:

a)    Actual and compensatory damages;

b)    Punitive damages;

c)    Attorney's fees and costs; and

d)    Such other further relief as this Court deems appropriate.

## V.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:   __12/05/07__

_____/s/ Cary L. Flitter (CLF5997)_____
CARY L. FLITTER
FRANK SCHWARTZ
Attorneys for Plaintiff

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 North Narberth Avenue
Narberth, PA  19072
(610) 822-0782

# EXHIBIT A

November 24, 2006
Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828
Complaint Department


TransUnion
P. O. Box 2000
Chester, PA 19022


Dear Sir or Madam:

I am writing to dispute the following information in my file. I have included an item I
dispute on the attached copy of the report I received.

This item, S R Financial Services, is inaccurate. I do not and have never had an account
with S R Financial Services. I am requesting that the item be removed to correct the
information.



Sincerely,


Thomas J. Zwolinski







Enclosures: Copy of Report

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

MARLTON NJ 08053
NOV 24 2006
USPS

Sent To
TRANSUNION CUSTOMER RELATIONS
Street, Apt. No.; or PO Box No. PO BOX 1000
City, State, ZIP+4 CHESTER PA 19022

PS Form 3800, June 2002                See Reverse for Instructions

7006 0100 0004 2799 0559

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRANSUNION CUSTOMER RELATIONS
PO BOX 1000
CHESTER, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X **Transunion LLC**      ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery
**NOV 2 7 2006**

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7006 0100 0004 2799 0559

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# EXHIBIT B

November 24, 2006
Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828
Complaint Department


Equifax Information Services, LLC
P. O. Box 740256
Atlanta, GA 30374-0256


Dear Sir or Madam:

I am writing to dispute the following information in my file. I have included an item I
dispute on the attached copy of the report I received.

This item, S R Financial Services, is inaccurate. I do not and have never had an account
with S R Financial Services. I am requesting that the item be removed to correct the
information.




Sincerely,


Thomas J. Zwolinski




Enclosures: Copy of Report

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — MARIETTA NJ 08828 NOV 24 2006 USPS

7006 0100 0004 2799 0566

Sent To  EQUIFAX INFORMATION SERVICES LLC
Street, Apt. No.; or PO Box No.  PO BOX 740256
City, State, ZIP+4  ATLANTA GA 30374-0256

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EQUIFAX INFORMATION SERVICES, LLC
PO Box 740256
ATLANTA, GA 30374-0256

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M. Camara
☐ Agent
☐ Addressee

B. Received by (Printed Name)  NOV 26 2006   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7006 0100 0004 2799 0566

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT C

SR Financial
3145 Geary Blvd, Suite 707
San Francisco, CA 94118
Address Correction Requested

Client: Chevy Chase Bank
Amount DUE: **$4,329.49**
Account Num. ▮▮▮▮▮▮▮▮1794

TOM ZWOLINSKI
PO BOX 171
HELMETTA, NJ 08828

Thursday, December 14, 2006

Dear TOM ZWOLINSKI:

Your past-due account number ▮▮▮▮▮▮▮1794 has been placed with us for immediate collection.

**BUT FOR A LIMITED TIME** - we have been authorized to offer you as much as a **50% DISCOUNT**, if you contact our office before the end of January 2007.

To take advantage of the excellent opportunity to save money, call ERIC YOUNG by telephone at 415 252-7800 Ext: 101. You can make your payment by either sending your payment with this letter or you can pay by phone, **we accept VISA and MASTER CARD.**

This offer is void if previous settlement arrangements have already been made. Failure to respond may result in further collection activity.

Unless you notify this office -- in writing-- within thirty (30) days of the date of this letter we will assume this debt is valid and owing. Should you dispute this debt, we will provide documentation supporting the validity of the incurred debt and forward this to your address as requested. Further, we can only provide verification by United States Postal Mail or other mail carriers and not over the telephone.

If you have any questions, or if you wish to arrange payments, you can contact Eric Young, Credit Analyst, by telephone at 415 252-7800 Ext: 101 during normal business hours. Mr. Young will be available to discuss your account and assist you on resolving this credit matter.

Sincerely

Robert J. Exton
Vice President, Resolution Dept.
415-252-7800 Ext 205

We are attempting to collect a debt and any information obtained will be used for that purpose.

SR Financial
3145 Geary Blvd, Suite 707
San Francisco, CA 94118
Address Correction Requested

TOM ZWOLINSKI
PO BOX 171
HELMETTA, NJ 08828

OAKLAND CA 946

19 DEC 2006 PM 6 T

# EXHIBIT D

Thomas J. Zwolinski
P. O. Box 171
Helmetta. NJ 08828
January 3, 2007

S R Financial Services
680 8ᵗʰ Street
Suite 230a
San Francisco, CA 94103-4950

To whom it may concern,

After reviewing my credit report, I found that you had reported that I was delinquent on
an account, # ▮▮▮▮▮▮▮1794, owned by your company. I had contacted someone in
your office and I was informed that it was an account from 1993. I request that you please
forward all documentation of any activity, including purchases, payments made, and the
last payment made. Also, please forward a copy of the original application with signature
and date when this account was opened.  I was told over the phone that Chevy Chase
Bank originally charged off the account in 2001 after 7 1/2 years of inactivity. I believe
your company purchased this account from them in 2001. If this is the case, which I
believe to be true, this account is not my responsibility. It is illegal to report about this
account to any credit-reporting agency as per the Fair Credit Reporting Act. You will
remove this negative reporting from all credit reporting agencies immediately. All legal
avenues will be pursued, civil and/or criminal, allowed under State and/or Federal
Statutes if you fail to do so. If I do not receive a response in a timely manner, I will have
no other choice but to pursue the avenues mentioned above.

Thomas J. Zwolinski

Cc: Equifax
    TransUnion
    FTC

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 39 |
| Certified Fee | 240 |
| Return Receipt Fee (Endorsement Required) | 185 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here — MARTIAN NJ 08828 — JAN 3 2007 — USPS

Sent To SR FINANCIAL SERVICES

Street, Apt. No.; or PO Box No. 680 8th ST. Suite 230a

City, State, ZIP+4 SANFRANCISCO CA 94103-9950

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0001 3880 8358

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SR FINANCIAL SERVICES
680 8th STREET
SUITE 230a
SANFRANCISCO, CA 94103-9950

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X R K                   ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
R Khanna                1·16·07

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)   7005 1160 0001 3880 8358

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT E

Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828
SSAN# ████-8585
January 3, 2007

TransUnion
P. O. Box 2000
Chester, PA 19022

To Whom It May Concern:

  I recently wrote to your agency, disputing an account that was on my report. In a letter in response from your agency, dated December 15, 2006, you reported the results from your investigation stating that an account belongs to me. That account, S R financial, is not valid. S R financial purchased a charged off account from Chevy Chase Bank. The account was supposedly opened in 1993 and charged off in 2001; therefore S R Financial no longer could report it after it purchased the account in 2001. I have written to S R Financial to correct the inaccurate report to all agencies and request that your agency also remove this negative from my report.

  In addition to the above, there is another inaccurate record contained in my report, a Federal lien. That Federal lien, Docket # 560502, has been satisfied in 2004. Please make all necessary changes to my report. Thank you in advance for your cooperation in this matter.

Thank You,

Thomas J. Zwolinski

# EXHIBIT F

Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828
SSAN# ███-8585
January 3, 2007

Equifax Information Services LLC
P. O. Box 105518
Atlanta, GA 30348

To Whom It May Concern:

I recently wrote to your agency, disputing an account that was on my report. In a letter
in response from your agency, dated December 15, 2006, you reported the results from
your investigation stating that an account belongs to me. That account, S R financial, is
not valid. S R financial purchased a charged off account from Chevy Chase Bank. The
account was supposedly opened in 1993 and charged off in 2001; therefore S R Financial
no longer could report it after it purchased the account in 2001. I have written to S R
Financial to correct the inaccurate report to all agencies and request that your agency also
remove this negative from my report.

In addition to the above, there is another inaccurate record contained in my report, a
Federal lien. That Federal lien, Docket # 560502, has been satisfied in 2004. Please make
all necessary changes to my report. Thank you in advance for your cooperation in this
matter.

Thank You,

Thomas J. Zwolinski

# EXHIBIT G

January 14, 2007

Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828

SR Financial
3145 Geary Blvd, Suite 707
San Francisco, CA 94118

January 14, 2007

Re: Acct # ███████████1794

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to me on
December 14, 2006 and received on January 11, 2007. Be advised that
this is not a refusal to pay, but a notice sent pursuant to the Fair
Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your
claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing
address, but a request for VALIDATION made pursuant to the above named
Title and Section. I respectfully request that your offices provide me
with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:


What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what you
say I owe;
Provide a verification or copy of any judgment if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account
Show me that you are licensed to collect in my state
Provide me with your license numbers and Registered Agent

At this time I will also inform you that if your offices have reported
invalidated information to any of the 3 major Credit Bureau's (Equifax,
Experian or TransUnion) this action might constitute fraud under both
Federal and State Laws. Due to this fact, if any negative mark is found
on any of my credit reports by your company or the company that you
represent I will not hesitate in bringing legal action against you for
the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as
requested in the following Declaration, I will require at least 30 days
to investigate this information and during such time all collection
activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,


Thomas J. Zwolinski

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .39 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | .85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here    JAN 2007

Sent To: SR FINANCIAL
Street, Apt. No.; or PO Box No. 3145 GEARY BLVD STE 767
City, State, ZIP+4 SAN FRANCISCO, CA 94118

PS Form 3800, June 2002        See Reverse for Instructions

7005 1160 0001 3880 8426

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SR FINANCIAL
3145 GEARY BLVD
SUITE 707
SAN FRANCISCO, CA 94118

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X R. K.        ☐ Agent
                ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
R Khanna                            1-22-07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 1160 0001 3880 8426

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT H

SR Financial
3145 Geary Blvd, Suite 707
San Francisco, CA 94118
Address Correction Requested

Client: Chevy Chase Bank
Amount DUE: $4,368.14
Account Num. ▓▓▓▓▓▓▓1794

THOMAS J ZWOLINSKI
10 AVENUE A
HELMETTA, NJ  08828

Tuesday, January 23, 2007

Dear THOMAS J ZWOLINSKI:

Your past-due account number ▓▓▓▓▓▓▓1794 for Chevy Chase Bank has been purchased by us, and has been placed for immediate collection. It is important that a PAYMENT IN FULL of  **$4,368.14** be made today!

You can return your PAYMENT IN FULL with this letter or you can pay by phone, we accept  **VISA** and **MASTER CARD**.  Failure to respond may result in further collection activity that could affect your credt.

Unless you notify this office that you dispute this debt  -- in writing-- within thirty (30) days of the date of this letter we will assume this debt is valid and owing.  Further, we can only provide verification by United States Postal Mail or other mail carriers and not over the telephone.

If you have any questions, or if you wish to arrange payments,  you can contact Eric Young, Credit Analyst, by telephone at 415 252-7800 Ext: 101 during normal business hours. Mr. Young will be available to discuss your account and assist you on resolving this credit matter.

Sincerely

Robert J. Exton
Vice  President, Resolution Dept.
415-252-7800 Ext 205

We are attempting to collect a debt and any information obtained will be used for that purpose.

SR Financial
3145 Geary Blvd, Suite 707
San Francisco, CA 94118
Address Correction Requested

THOMAS J ZWOLINSKI
10 AVENUE A
HELMETTA, NJ 08828

SAN FRANCISCO CA 941

06 FEB 2007 PM 2 T

# EXHIBIT I

# S R FINANCIAL
3145 Geary Blvd, suite 707
San Francisco, California 94118
415-252-7800

TOM ZWOLINSKI
10 Avenue A
HELmetta08828

Re: ▓▓▓▓▓▓1794
SSN: ▓▓▓▓-8585

Thursday, January 25, 2007

### VERIFICATION OF DEBT LETTER

Dear TOM ZWOLINSKI:

The name, address and social security number used on the application to obtain the credit card account listed above was validated today with the Federal Lending Institution from whom it was issued. This credit card account under your name, address and social security number is still outstanding, moreover, as required by law, we are validating this debt as a debt still not paid and still owing S R Financial pursuant to the requirements of the(F.D.C.P.A) Fair Debt Collections Practices Act.

We have verified your previous address as an address used to apply for the credit card, and we have documentation that the credit card was sent to this address, and accepted. Our investigation revealed it was delivered to that address and we have obtained a signed statement of fact from the Federal Lending Institution indicating your name, address and social security number was yours and it was used to obtain the credit card. Due to this, our records show it as still not paid.

As required by law, under the FCRA , {15 U.S.C.168li}, the debt listed above has been legally hereby validated, and now we are asking for payment, or even small monthly payment arrangements to clear this matter off your credit profile by making a payment on a reduced amount (possible 50 % of the balance) to restore your good credit standing. Once payment arrangements are started we can remove our trade-line and restore your good credit rating while you continue with the payment plan untill it is resolved. Think about what good credit can achieve and what it means to resolve issues.

Please contact me at **415-252-7800** to discuss payment arrangements or to talk about this account.

Sincerely,

Eric Young

Eric Young
Credit Analyst

This is an attempt to collect a debt. Any information obtained will be used for this purpose.

SR Financial
3145 Geary Blvd #707
San Francisco CA 94118

SAN FRANCISCO CA 941
22 MAR 2007 PM 7 L

Tim 2 wuliSki
10 Avenue A
Helmetta

# EXHIBIT J

Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828
SSAN# ███-█-8585
July 12, 2007

TransUnion
P. O. Box 2000
Chester, PA 19022

To Whom It May Concern:

 This is my third time writing to your agency in respect to a disputed debt on my report.
SR Financial, account #████████████1794, is reporting the account in question. I have
spoken with a Mr. Eric Young from SR Financial and he stated the account is from 1993.
By SR Financial's own admission, it is a stale debt and well beyond the reporting period.
Please take all necessary action to correct my report and reflect the same.

                          Sincerely,


                          Thomas J. Zwolinski

# EXHIBIT K

Thomas J. Zwolinski
10 Avenue A
Helmetta, NJ 08828
SSAN# ███-██-8585
July 12, 2007

Equifax Information Services LLC
P. O. Box 105518
Atlanta, GA 30348


To Whom It May Concern:

 This is my third time writing to your agency in respect to a disputed debt on my report.
SR Financial, account #████████████1794, is reporting the account in question. I have
spoken with a Mr. Eric Young from SR Financial and he stated the account is from 1993.
By SR Financial's own admission, it is a stale debt and well beyond the reporting period.
Please take all necessary action to correct my report and reflect the same.



                            Sincerely,


                            Thomas J. Zwolinski